Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MIKE MACHADO,** | ) Case No. |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | )  **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) **AND ROSENTHAL FAIR DEBT** |
| **AFNI, INC.,** | ) **COLLECTION PRACTICES ACT** |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Mike Machado ("Plaintiff"), is a natural person residing in Sacramento county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, AFNI, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.  On or about March 31, 2011, Plaintiff was initially informed that Defendant was negatively reporting an alleged debt on Plaintiff's credit report.

7.   On or about April 6, 2011, Plaintiff sent a letter informing Defendant that he is disputing the alleged debt and requesting that Defendant provide validation of the alleged debt.

8.   Defendant has failed to provide Plaintiff in writing, any verification of the debt or send Plaintiff collections letters prior to reporting the alleged debt on Plaintiff's credit report.

9.   Defendant has and continues to negatively report the alleged debt on Plaintiff's credit report.

10.   The alleged debt reported by Defendant negatively affects Plaintiff's credit report and credit score.

11.   Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8));

   b) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A)); and

   c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10).

12.   As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and

Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. Further, *§1788.17* of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to

the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, *15 U.S.C. §1692d, and §1692d(5).*

16.   To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.   Declaratory judgment that Defendant's conduct violated the RFDCPA;

B.   Actual damages;

C.   Statutory damages for willful and negligent violations;

D.   Costs and reasonable attorney's fees,

E.   For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 7th day of June, 2011.

By:   /s Todd M. Friedman
**Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff**